Chapman v. Crane Company Thank you Good morning, Your Honors. Mike Ross here on behalf of Appellant Crane Co. Your Honors, the question in this appeal is whether the District Court erred in remanding this matter to state court. And we believe the answer is yes for two independent reasons. Number one, neither Crane Co.'s federal defense nor any claims against which it was asserted was dismissed here within the meaning of 28 U.S.C. 1367 C.3. And number two, diversity jurisdiction existed when this claim was remanded. On the first issue, Your Honors, I don't think there's any dispute that original federal subject matter jurisdiction existed when Crane Co. removed this case to federal court. Crane Co. removed under 28 U.S.C. 1442 A.1 the federal officer removal statute. Aren't there cases decided by us, decided by the Supreme Court where a plaintiff voluntarily discontinues federal claims so that there is no longer subject matter jurisdiction? Yes, Your Honor. How is this case different? In particular, the Supreme Court case is the Carnegie Mellon decision. And I believe that this case is different because after Carnegie Mellon was decided in 1990 or 91, Congress enacted 1367. Now, this Court has held that in ITAR-TAS, which we cite in our briefing, that 1367 cabined the common law analysis that existed under Carnegie Mellon and Gibbs, right? So you have to identify, if you're a district court, you have to identify a specific prong of 1367C before remanding. And we just don't think that the prong was met here, Your Honor. We pointed the court to two decisions, one from the Ninth Circuit and one from the 11th. What more should have happened here? The district court should have entertained a motion to dismiss either the federal claim that Crane Co. asserted or the federal defense, I'm sorry, or the claims against which it was asserted. And given the parties an opportunity to brief whether the federal defense was subject to dismissal. If so, what other relief? Is there any objection to its being dismissed? There was no objection or motion, Your Honor. I mean, it was never dismissed. The plaintiffs filed an amended complaint that disclaimed the allegations that gave rise to it. Plaintiffs filed a remand motion, remanded. There was never a moment when anything was dismissed. Oh, but by remanding, the district court certainly approved the withdrawal of the federal claims, right? Yes, Your Honor. I mean, I don't understand what more there should have been. And, Your Honor. In addition, why is this not, why are you not asking us to honor form over substance? I don't think it's form over substance, Your Honor, because, as I was trying to say before, at least if there had been a dismissal motion, Crane Co could have asked for some type of supplemental relief. And I'll give you an example. Most of the plaintiffs' allegations of exposure against Crane Co here were related to Mr. Chapman's time in the Navy, right? So the plaintiffs effectively say, we're not pursuing you for any of that anymore. We are greatly weakening our claim. We had no opportunity to say to the district court, okay, well, what does that mean? If you're going to hold that this disclaimer means we go back to state court, can the plaintiffs seek the same amount of damages from my client when they get back there, now that they've disclaimed? So I don't think it's harmless error. I don't think it's form over substance for that reason. Your Honors, if I could turn to the second question. That question isn't lost to be determined by the state court, is it? I don't think so, Your Honors, although I think we probably would have liked to have gotten the district court's view on that. Of course you would. That's why you removed it. But, I mean, you would have liked the district court's ruling on all of this. Yes, but I agree with you, Your Honors. We could raise it in the state court as well. All right. On the diversity issue, Your Honors, as far as the factual predicate for diversity, I don't think there's any dispute that Crane Co and the plaintiffs are diverse. I don't think there's any dispute that Crane Co was the last active defendant in the lawsuit.  The plaintiffs themselves represented to the district court at one point that they believed that these entities were citizens of states other than the states the plaintiffs resided. We didn't take any issue with that. Did the defendants actually meet its burden to be able to prove that there was complete diversity with respect to these additional defendants? I understand that you say that the plaintiffs say they don't know one way or another, but the burden would be on the defendants. Would the defendants be able to meet that burden and with what evidence? Yes. I'm sure we could. If the question were to go back to the district court and the district court was to say, can you present me with evidence that there's full diversity, I'm sure we could. We didn't before, Your Honor. You don't have that evidence today. In this record, no. Doesn't it have to be there at the get-go when the complaint is filed? Well, that's really the question, Your Honor, because frankly, the factual underpinnings for diversity here were never argued in the district court. The district court assumed that as a factual matter, diversity jurisdiction existed, but the district judge held that unless diversity also existed at the time of removal, then she had to remand the case. Now, we think that's error, and here's why. I don't know what statutory authority the district court thought permitted a remand in these circumstances. It certainly isn't 1447C. Now, the district judge's analysis to me was a 1447C analysis. The district judge looked at the status of the case at the time of removal, but everybody agrees federal subject matter jurisdiction existed then under 1442A1. So it wasn't 1447C. In 1367, which the district court didn't cite in this diversity issue, that only permits a remand of claims arising within the supplemental jurisdiction exclusively of the federal court. So it wasn't 1367C either. I don't think there was any authority to remand a claim where full diversity may have existed at the time of remand. Are you suggesting that the judge was supposed to, a sua sponte determined on the face of the complaint, which it doesn't seem to be apparent on the face of the complaint, is that there are additional defendants that I believe the complaint specifically disclaims that there is diversity. So how, what mechanism, by what mechanism should the district court have determined diversity? There was no amendment of the removal notice in this case. There was no assertion of diversity jurisdiction before the district court judge upon amendment. Is that correct? That's correct, Your Honor. We presented facts in our brief in opposing remand that this, we raised that this was diverse. We noted our citizenship, Cranco's citizenship. We pointed out that the plaintiffs themselves had said that Cranco was the last defendant and that these other parties were also diverse. So on the face of the complaint, there's a disclaimer, or there's a statement that there is no complete diversity that in fact that there are defendants, that plaintiffs are residents of New York as well as certain defendants. Is that correct? You know, it may say that, Your Honor. I don't think any of it's right. The plaintiffs are residents of Texas as far as I understand. But like I said, Your Honor, there was no factual question here before the district court. It really was purely a legal question. And I think that one last point I would make, I would refer the court to the opinion that we cite in our briefing, the Jefferson decision from the Fifth Circuit, which I don't see, I don't know if you could get a case that on the facts is closer to our case. I know it's an unpublished decision, but I think the analysis is persuasive. And the Jefferson court reached a result that was diametrically opposed to the one the district court reached here on the legal question. I see my time is up, Your Honors. Unless you have any further questions, I'll await rebuttal. You'll await rebuttal, you said? Yes. I thought you said you waved. Oh, I'm sorry. No, I shouldn't have used that word, Your Honor. No, rebuttal is fine. I thought you said you waved and I didn't know. Right. Thank you, Your Honors. Pierre Ratzke for appellees. The district court below correctly decided that this case was appropriate for remand, given that all of the Federal issues, or in fact the sole Federal issue, the government contractor defense, had been eliminated by plaintiff's amended complaint. Official dismissal was not required. That would make no sense given the statutory scheme, considering that there are several statutory predicates under 1367c. So if in order to even reach the analysis of 1367c, there had to be official dismissal, then it would be redundant to have one of those predicates be official dismissal. Further, the Court cited several bases for a remand under 1367, including that this the remaining claims involved novel and complex issues of State law, even by Crane's own admission. In their summary judgment motion, they asserted not the government contractor defense, but solely issues concerning duty under New York State tort law. That same precise duty issue was then pending before the New York Court of Appeals. So it made sense in the interest of comedy to remand the action. Turning to the diversity claim, the first assertion of diversity was in opposition to our motion for remand. And there was no mention whatsoever of the other two named defendants. There was plenty of notice that these defendants were named in the action. They were named in the original complaints. They were named in our proposed amended complaint that we attached to our motion for leave to amend. And they were named in the official complaint. The caption for our motion for remand stated, Crane Co. et al., service rider, listed these defendants as served. They're saying that they can rely on our representation in an earlier motion. And that was our reply brief to our motion for leave to amend, where we said in a single footnote, Crane Co. is the sole remaining defendant. That's obviously not this positive. And if that's their argument, they should have made it below. There's nothing in this record to search to say that there was complete diversity at any time in this action. When should they have asserted diversity jurisdiction so that that issue could be put before the district court? Well, I think they had ample opportunity. The first chance they could have made to assert this is when we moved for leave to amend. Because in our motion for leave to amend, we were very ‑‑ we had full candor. We stated that we were looking to eliminate the Federal issue and then seek remand after the amended complaint was filed. We attached a proposed amended complaint, which had Crane Co., Jenkins, and Wineman. They had full notice at that point that they could have said, well, you should deny the motion for leave to amend because it would be futile, because diversity would then be an independent basis for sustaining jurisdiction. Do you believe that they could have raised diversity jurisdiction upon the amendment of the complaint, that we don't need to look to the point of removal? We could look at the point ‑‑ the point at which the complaint was amended to determine whether there was an independent basis of diversity jurisdiction because they failed to do so? Your Honor, there are two separate issues. One is when they could have raised this issue at all, and the other is when the court should have looked to determine whether complete diversity existed. We still assert, and the court was correct in saying that the time of filing and the time of removal is the appropriate place to assess whether diversity existed. Hypothetically, there could be a circumstance, yes, where there's an amendment to a complaint that's been removed to Federal court where there's a new defendant and there's complete diversity. That new defendant wouldn't have had the opportunity to raise diversity jurisdiction if you only look to the removal, at the point of removal. And wouldn't they then be divested of their right to assert diversity jurisdiction? So, Your Honor, it's hypothetical is that a complaint is removed to Federal court on Federal question grounds and then a new defendant is added, and then when seeking remand, the new defendant wants to assert complete diversity. Do you still look to the original complaint upon their ‑‑ I would say in that circumstance, I've never seen a case with those exact procedural facts, but the new defendant's original complaint would be the amended complaint adding them to the action. It's original to each defendant. So I determine whether it's the original complaint. I think that is an open question, but I think the time of filing rule here is very clear in its application. The one exception to that is the Caterpillar rule, which is that if there's a final judgment in place, then the overwhelming concerns of finality kick in and then the court can search the entirety of the action for any particular basis for jurisdiction. But if that's the exception to the rule, then the general rule has to be that you look to the state of things at the time the action was originally brought. And ‑‑ And the trial court here actually considered whether it had made any determinations, frankly, or any decisions in the court that advanced it toward completion, right? Correct. Discovery was not yet entirely complete. There was still some left to do. The summary judgment motion had not been decided. In fact, no ‑‑ no dispositive motions whatsoever had been decided. And the court also determined that the Supreme Court, which has a specialized asbestos docket, had the most expertise and the most interest in adjudicating these claims. And we think it's also fairly clear that Crane Co. brought this case to Federal Court in the first place, even though it knew that State law issues would completely predominate over the case. It sought to circumvent binding intermediary ‑‑ intermediate appellate precedence in New York State law. It relied in its summary judgment motion not at all on the government contractor defense, which was its purported basis for this case being in Federal Court, but instead asserted only novel and complex issues of purely State law. So this case really does truly belong in State court. And that's why we think that the district court's decision was appropriate. The district court also balanced other factors, including that the plaintiff was terminally ill at the time. There was an obvious advantage to him being able to use the expedited docket in New York State court and try to live to see his day in court. There was no cognizable hardship on Crane, who, again, asserted entirely State law defenses in its summary judgment motion, to have this case litigated in State court, where it litigates these kind of cases all the time. So the interests of deferring to State law's pronouncements on its own tort law, the interests of efficiency and economy fully supported this decision. Further, I'd cite the Valencia case, getting back to the dismissal issue. That is a Second Circuit opinion post-1367, in which this Court stated that it was an abuse of discretion not to remand an action after the plaintiff's merely orally indicated at a court conference their intent to abandon Federal claims. So if a mere oral indication of intent to abandon Federal claims is enough to trigger an obligation on the district court's part to remand the action, then we think it's clear that the official inframature of an amended complaint also triggers that obligation. Crane's arguments are coming at this the wrong way. They argue a lot of things from the perspective of could the court have retained this action. The question is not that. It's whether it was an abuse of discretion to decline to exercise supplemental jurisdiction. I think there's a little bit of confusion over the 1447 issue. Nowhere in the district court's opinion did she cite, did the judge cite 1447. This was entirely based on 1367 and the three different predicates that she laid out. We do not dispute that subject matter jurisdiction existed at the time of remand. We just assert, and we're correct in doing so, that it was merely supplemental jurisdiction since nothing but State law claims remained at that time. And again, the Cohill decision, Carnegie-Mellon v. Cohill, laid out pretty clearly that in the usual case in which Federal claims have been abandoned before final judgment, remand is appropriate. This is especially true since the Federal courts are burdened and States have an interest in policing their own law, particularly when issues pertaining to the case are pending before the highest court of the State. I would also point out that the district court's discretion in this area is very broad. It's been called nearly unreviewable by other courts. And this sort of procedural posture has been seen in many cases, where the plaintiff voluntarily abandons certain Federal claims or defenses, and the case is then remanded for adjudication in the State court. Crane seems to hinge its argument on the fact that it still has the government contractor defense, which I confess I don't really see how that's possible. Defense requires a claim to defend against. The government contractor defense requires Navy allegations to defend against, and there are no more Navy allegations in this case. They say that they didn't have an adequate opportunity to brief these issues. That's not accurate either. They had the motion for leave to amend, where we made our intentions clear. They had the motion for remand, where all the issues were laid out. And they had oral argument. Afterwards, the district court gave its decision. So they had ample opportunity to assert that the defense was, for some reason, still available. If there are no further questions, we'll rest on our papers. Thank you. Thank you, Mr. Radsky. Mr. Ross, you have reserved two minutes for rebuttal. Your Honor, just a few quick points, if I may. The primary two issues we present here are not discretionary issues with the district court. I should have mentioned, and I forgot, but we'll rely on our briefing for the question. I hope the court doesn't reach the question of whether the district court abused its discretion in declining supplemental jurisdiction here. It's the last issue we briefed, but I'll rely on my briefing for that. Two points on the main issues. Number one, I agree that the rule is that diversity jurisdiction has to exist at a time of removal if the case is removed on diversity grounds. And that's our problem here. This case wasn't removed on diversity grounds. So I know that the plaintiffs cite just a coarse line of decision standing for that proposition, but they're neither here nor there, as far as I'm concerned. I think Jefferson is. And the second point, Your Honor, is on this factual dispute over the existence of diversity. I would refer the court to SPA 17. This is a quote from the district judge on this. And the district judge was asking plaintiff's counsel a question and said, what about diversity? Now there's diversity. Is that a proper basis for maintaining jurisdiction? And the response was, no. But the response wasn't, as a factual matter, Judge, we disagree with you. So I really don't think there was a factual dispute at the district court level. If the court thinks there is now, I would decide the legal question, whether the district court got the law right on this issue, and send the factual dispute back. That's all I have, Your Honors, unless there's any further questions. Thank you very much, Mr. Ross. Thank you both. We'll reserve decision.